# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 12-0051-WS |
| ) | |
| DANIEL LOUIS McREYNOLDS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on the Petition (doc. 156) filed by Peavy's Finance, Inc., claiming an interest in certain forfeitable property.

On October 4, 2012, the undersigned entered a Preliminary Order of Forfeiture (doc. 146) that, *inter alia*, condemned and forfeited to the United States all right, title and interest of the defendant, Daniel Louis McReynolds, in the following property: One 2005 Dodge Magnum, VIN: 2D4GC58265H683069. That Preliminary Order directed the Government to provide written notice to any person known to have alleged an interest in said property, and to inform said persons of their right to file a petition within 60 days that (i) sets forth the nature of the petitioner's interest in the forfeited property, (ii) identifies the time and circumstances of the petitioner's acquisition of that interest, (iii) specifies any additional supporting facts, and (iv) is signed by the petitioner under penalty of perjury.

On November 5, 2012, Peavy's Finance timely filed its Petition, claiming an interest in the 2005 Dodge Magnum as follows: Peavy's Finance financed the sale of the vehicle by A & P Automotive to a purchaser named Mary Goodwin in March 2010. Goodwin made monthly payments to Peavy's Finance on the vehicle until May 2012, when the vehicle was seized in connection with this criminal action. Peavy's Finance maintains that there is a remaining balance of $5,527.96 owed on its loan, and that it remains a lienholder for the vehicle, as reflected on the Certificate of Title for same. Peavy's Finance also submits back-up documentation supporting all of these facts. In particular, the documents reflect that Peavy's Finance loaned Godwin the sum of $10,245.45 to purchase the vehicle; that Goodwin granted Peavy's Finance a security interest in the vehicle; that Goodwin agreed to make 40 monthly

payments of $389.07 to pay off the loan (including annual interest charges of 26.63%); that Goodwin made only 25 monthly payments before the seizure; and that Peavy's Finance is the first lienholder on the vehicle.

The Petition filed by Peavy's Finance is adequate to initiate an ancillary proceeding under Rule 32.2(c), Fed.R.Crim.P. Pursuant to 21 U.S.C. § 853(n)(4), hearings on ancillary proceedings must be conducted promptly to adjudicate third-party claims as to forfeited property in criminal actions. Accordingly, the Government is **ordered**, on or before **November 16, 2012**, to file a response setting forth its position as to Peavy's Finance's Petition. To the extent that the Government contests the Petition, the matter will be set for evidentiary hearing before the undersigned in December.

That said, one important threshold issue must be addressed immediately. The Petition was filed by Nancy P. Thomas, who lists her title as "VP Peavys Finance Inc." Ms. Thomas does not appear to be an attorney, so she cannot represent Peavy's Finance's interests in this litigation. Nor can Peavy's Finance appear *pro se* in federal court. Indeed, the law is clear that a corporation cannot appear in federal court unless it is represented by counsel. *See, e.g., Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel."); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that ... cannot appear *pro se*, and must be represented by counsel."); *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) ("A corporation is not permitted to litigate in a federal court unless it is represented by a lawyer licensed to practice in that court."); *Udoinyion v. The Guardian Security*, 2011 WL 3911087, *3 (11th Cir. Sept. 7, 2011) ("A corporation is an artificial entity that cannot appear *pro se* and must be represented by counsel.").

Simply put, Peavy's Finance cannot represent itself in this proceeding, nor can its corporate officers, owners or employees file papers in this case on behalf of that entity unless they are licensed attorneys. For this reason, it is imperative that Peavy's Finance retain counsel immediately if it wishes to be heard or to pursue this ancillary proceeding. Peavy's Finance is therefore **ordered**, on or before **November 26, 2012**, to notify the Court in writing via notice of appearance of the name, address, and telephone number of the counsel it has retained to

represent its interests in this action.  **Failure to comply with this Order in a timely manner may result in the summary dismissal of Peavy's Finance's Petition.[1]**

The Clerk of Court is directed to mail a copy of this Order to petitioner at the following address:  Peavy's Finance, Inc., 420 Twain Curve, Suite A, Montgomery, AL 36117.

DONE and ORDERED this 8th day of November, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Of course, if the Government and Peavy's Finance are able to resolve amicably the issues presented in the Petition prior to that November 26 deadline, it will not be necessary for Peavy's Finance to undergo the expense and inconvenience of retaining counsel to safeguard its interests herein.  For that reason, the parties are strongly encouraged to work together in good faith to explore whether some mutually satisfactory resolution of this ancillary proceeding is possible at this time.