# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 12-0051-WS |
| | ) |
| DANIEL LOUIS McREYNOLDS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on the Petition (doc. 156) filed by Peavy's Finance, Inc., claiming an interest in certain forfeitable property.

On October 4, 2012, the undersigned entered a Preliminary Order of Forfeiture (doc. 146) that, *inter alia*, condemned and forfeited to the United States all right, title and interest of the defendant, Daniel Louis McReynolds, in the following property: One 2005 Dodge Magnum, VIN: 2D4GC58265H683069. On November 5, 2012, Peavy's Finance timely filed its Petition, in which it claimed a third-party interest in the subject vehicle. Specifically, Peavy's Finance alleged (and submitted documentary evidence showing) that it had financed the sale of the vehicle to someone other than defendant in March 2010; that it possessed a security interest in the vehicle and remained the first lienholder on the vehicle; and that there was an unpaid balance on the loan in the amount of $5,527.96.

On January 8, 2013, the Government filed a merits response (doc. 183) to Peavy Finance's Petition. In that response, the Government reported its assessment "that Peavy's Finance has filed a cognizable claim under 21 U.S.C. § 853(n)," and that no other claims had been submitted by third parties within the statutory period. (Doc. 183, ¶ 1.) On that basis, the Government "agrees to pay the claim of Peavy's Finance, to include and be augmented by the contract rate of principal and interest up to the date of sale of the vehicle, from the proceeds of the sale of the vehicle," subject to the caveat that the Government's payment to Peavy's Finance should be capped at the lesser of the total amount of Peavy's Finance's claim, or the net sale proceeds of the vehicle. (*Id.*, ¶ 2.)

In light of this development, as well as the Court's independent assessment that the claimant has established the validity of its claim by a preponderance of the evidence, the Petition (doc. 156) filed by Peavy's Finance is **granted**, and the claim of Peavy's Finance is **approved**. Accordingly, the Preliminary Order of Forfeiture (doc. 146) entered on October 4, 2012 is **amended** pursuant to 21 U.S.C. § 853(n)(6) to provide that, within a reasonable time following the sale of the 2005 Dodge Magnum referenced therein, the Government shall pay Peavy's Finance's claim in the lesser of the following amounts: (i) the unpaid balance of the loan, including accrued interest through the date of sale of the vehicle; and (ii) the difference between the gross sale proceeds for the vehicle and the reasonable expenses incurred by the U.S. Marshal's Service for maintenance, storage and sale of the vehicle.

The Clerk of Court is directed to mail a copy of this Order to claimant at the following address: Peavy's Finance, Inc., 420 Twain Curve, Suite A, Montgomery, AL 36117.

DONE and ORDERED this 11th day of January, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE